# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

GLENDA LANGE,

      Plaintiff,

v.                                      Case No: 8:21-cv-1132-KKM-MRM

WAL-MART STORES EAST, LP,

      Defendant.

_____

## <u>ORDER</u>

Plaintiff Glenda Lange filed this complaint in state court on March 29, 2021, and Defendant Wal-Mart Stores East, LP, removed it. (Doc. 1). After her counsel filed a suggestion of death on August 16, 2022, (Doc. 28) the Magistrate Judge stayed the case for ninety days to allow time for a motion for substitution to be filed under Federal Rule of Civil Procedure 25(a). (Doc. 32). The Court then administratively closed the case pending the stay. (Doc. 33). The ninety days expired on November 15, 2022. Defendant Wal-Mart Stores East now moves to dismiss this complaint under Rule 25(a). (Doc. 34). Plaintiff's counsel files a "Notice of Voluntary Dismissal with Prejudice" pursuant to Rule 25(a). (Doc. 36).

Rule 25(a) provides in part:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Fed. R. Civ. P. 25(a)(1). This requires the Court to dismiss a case if no motion for substitution is made if two conditions are met. First, the suggestion of death must be filed on the record. *McGuinnes v. Novartis Pharmaceuticals Corp.*, 289 F.R.D. 360, 362 (M.D. Fla. 2013) (Conway, J.). "Second, the party that filed the suggestion must serve nonparty successors or representatives of the decedent with the suggestion of death, consistent with Federal Rule of Civil Procedure 4." *Id.*; *see also* Fed. R. Civ. P. 25(a)(3) (requiring service of a "statement noting death" on "nonparties as provided in Rule 4"). Rule 25 does not specify which nonparties must be served, but courts generally agree that the representatives of the deceased plaintiff's estate or successors in interest to the claim must be served, as they are the nonparties who could prosecute the surviving claim. *See Sum v. Metro. Cas. Ins. Co.*, No. 21-cv-377, 2022 WL 1555873, at *1 (M.D. Fla. May 17, 2022) (Mizelle, J.); *Diamond Resorts Int'l, Inc. v. US Consumer Att'ys, P.A.*, No. 18-80311-CIV, 2020 WL 11423190, at *3 (S.D. Fla. Oct. 13, 2020) (Reinhart, M.J.); *Williams v. Scott*, No. 07-22617-CIV, 2011 WL 541343, at *3 (S.D. Fla. Feb. 8, 2011) (Ungaro, J.); *see also Powell v. United States*, 800 F. App'x 687, 705 (11th Cir. 2020) (per curiam) (noting that the

2

there was no duty to serve any estate or successor where, "by every indication[, the party] had no representatives of his estate or successors").

Here, the suggestion of death was filed on the record on August 16, 2022, more than ninety days ago, by Plaintiff's attorney. Plaintiff's attorney made no representation as to whether he properly served the suggestion on Plaintiff's successors or representatives, or whether such successors or interested parties exist.

In moving for dismissal, however, Wal-Mart explains that "an estate has not been opened in Plaintiff's name" in Hillsborough County and "no personal representative has been appointed to maintain this action." (Doc. 34 at 2.) Thus, the Court is satisfied that this is a case where "by every indication[, Lange] had no representatives of [her] estate or successors." *Powell*, 800 F. App'x at 705. And "[t]o insist that Defendants serve a nonexistent, non-party makes no sense and would create an infinite loop whereby no valid Suggestion of Death is ever filed because there is no personal representative." *Id.* (alterations in original) (quotations omitted).

Accordingly, the following is **ORDERED**:

1. Wal-Mart's Motion to Dismiss (Doc. 34) is **GRANTED**.

2. Plaintiff's Complaint is **DISMISSED WITH PREJUDICE**.

3. The Clerk is directed to terminate any pending deadlines and **CLOSE** this case.

**DONE AND ORDERED** at Tampa, Florida, on November 21, 2022.


/s/ William F. Jung
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record

4